**WILLARD CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellee,**

v.

**STATE EMPLOYMENT RELATIONS BOARD et al., Appellants.**

[Cite as *Willard City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1989), 65 Ohio App.3d 259.]

Court of Appeals of Ohio,
Huron County.

No. H–88–34.

Decided Nov. 9, 1989.

*Robert T. Baker, Matthew J. DeTemple* and *David B. Harwood,* for appellee.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Robert E. Ashton,* Assistant Attorney General, for appellant State Emp. Relations Bd.

*Fritz Neil,* for appellant Willard Edn. Assn.

ABOOD, Judge.

This is an appeal from the decision of the Huron County Court of Common Pleas setting aside the decision of the State Employment Relations Board ("SERB"). Appellants, SERB and Willard Education Association ("Association"), have both appealed and the appeals were consolidated. Appellant SERB has set forth two assignments of error:

"1. The court below erroneously failed to apply the proper standard of review to be employed when reviewing an order of the State Employment Relations Board on appeal.

"2. The court below erred by finding that the purchase of liability insurance by the Willard City School District Board of Education does not affect the terms and conditions of employment of its employees represented by the Willard Education Association."

Appellant Association has set forth three assignments of error:

"1. The court below failed to apply the proper standard of review, and failed to give appropriate deference to the decision of the Administrative Agency.

"2. The court below incorrectly cited R.C. 2844.08(A) as controlling when in fact the public employee bargaining law, R.C. Chapter 4117, is the governing statute.

"3. The court below incorrectly held that a public employer's purchase of liability insurance on behalf of bargaining unit employees does not affect their wages or terms and conditions of employment."

The parties have stipulated to the following facts which give rise to this appeal.

Appellee and the Association were parties to a collective bargaining agreement which was in effect from September 1, 1984 through August 31, 1986. In that agreement appellee recognized the Association as the exclusive representative of all certified personnel under a regular teaching contract. On or about November 20, 1985, appellee contacted Nationwide Insurance Company with regard to purchasing liability insurance to cover its employees, including members of the bargaining unit represented by the Association. The purpose of this action was to comply with R.C. Chapter 2744, the new sovereign immunity law, which required the school board to indemnify teachers for tortious acts committed within the scope of their employment. At that time a temporary binder agreement was executed. Appellee's superintendent did not notify the Association of this binder agreement or offer to bargain over the purchase of the liability insurance. On February 10, 1986, appellee, at its regular meeting, renewed the liability insurance policy already in effect with Nationwide. It was at that time that the president of the Association first learned of the insurance purchase. On February 12, 1986, the president of the Association met with appellee on this issue and informed appellee that it considered the purchase of liability insurance coverage to be a mandatory subject of collective bargaining and that the appellee's unilateral action in purchasing the same was a violation of its duty to bargain. Appellee, however, refused to bargain over the issue.

On March 14, 1986, the Association filed an unfair labor practice charge against appellee with SERB alleging that appellee refused to bargain collectively with the Association over the purchase of liability insurance in violation of R.C. 4117.08 and 4117.11(A)(1) and (5). Thereafter, SERB determined that probable cause existed to believe that appellee had committed an unfair labor practice and issued a complaint and notice of hearing. Appellee responded and the case was submitted to SERB upon the stipulated facts and briefs without a hearing. On June 30, 1987, hearing officer Dennis issued a proposed decision and order which recommended a finding that appellee had a mandatory duty to bargain with the Association over the effects of the purchase of liability insurance but had no duty to bargain over the decision as

to whether to purchase liability insurance or become self-insured. Both appellee and the Association filed exceptions to the proposed order. On September 30, 1987, SERB ordered that the hearing officer's recommendation be adopted but modified the order by requiring appellee to immediately engage in good faith collective bargaining over the effects of the purchase of liability insurance including the kind and limitations of coverage, the extent of liability, and legal representation. On October 14, 1987, appellee filed its notice of appeal from SERB's decision in the Huron County Court of Common Pleas. In its decision dated October 3, 1988, that court set aside SERB's order holding that the purchase of liability insurance does not affect wages or terms and conditions of employment. It is from this decision that both SERB and the Association have appealed.

The court will consider together SERB's and the Association's first assignments of error as both raise the same issue. In their respective assignments of error, appellants assert that the trial court failed to apply the proper standard of review in reviewing SERB's order and failed to give the deference due that decision.

In support of their assignments of error, both appellants argue that the trial court in effect conducted a trial *de novo* instead of determining if SERB's order was supported by substantial evidence on the record as a whole. Appellants also submit that the trial court did not accord the deference required to SERB's order but instead substituted its judgment for that of SERB.

Appellee submits that the trial court applied the proper standard of review and did not conduct a trial *de novo* but reversed SERB's decision because it was not in accordance with the law.

The central issue raised by the unfair labor practice charge against appellee was whether or not appellee is required to bargain collectively with the Association regarding the purchase and/or effects of liability insurance.

R.C. 4117.08(A) provides:

"(A) All matters pertaining to wages, hours, or terms and other conditions of employment and the continuation, modification, or deletion of an existing provision of a collective bargaining agreement are subject to collective bargaining between the public employer and the exclusive representative, except as otherwise specified in this section."

A refusal to bargain collectively with the bargaining unit's representative constitutes an unfair labor practice. R.C. 4117.11(A)(5). When an unfair labor practice charge is filed, SERB will investigate the charge and issue a complaint and notice of hearing if it finds probable cause to believe a violation

has occurred. R.C. 4117.12. Any person aggrieved by the final order of SERB concerning the unfair labor practice charge may appeal to the court of common pleas. R.C. 4117.13(D).

The question of what standard of review is to be applied by the court of common pleas in reviewing an order of SERB on an unfair labor practice charge was recently addressed by the Supreme Court of Ohio in *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264. *Lorain* involved an unfair labor practice charge filed by the bargaining representative for certain public employees concerning certain unilateral actions taken by the employer which the representative claimed involved mandatory subjects of collective bargaining pursuant to R.C. 4117.08. The *Lorain* court determined that whether a public employer's unilateral action "affects wages, hours, terms and conditions of employment" within the meaning of R.C. 4117.08(C) is generally a factual determination which varies depending upon the employer, employee and the individual circumstances of each case. *Id.* at 260, 533 N.E.2d at 266–267. The *Lorain* court then examined the appropriate standard of review to be applied by the court of common pleas in reviewing a decision of SERB and held that pursuant to R.C. 4117.13 a decision of SERB must be affirmed where there is substantial evidence to support that decision. *Id.* The court also cautioned that in reviewing SERB's decisions, courts must accord due deference to that agency's interpretation of R.C. Chapter 4117. *Id.*

In this case, the trial court's decision stated in its entirety that:

"The purchase of Liability Insurance by a school board is governed by Section 2844.08(A)R.C. which provides in part:

" 'The insurance may be at the limits, for the circumstances, and subject to the terms and conditions, that are determined by the political subdivision in its discretion,' also

"Discretion is placed in a board of education as to whether to purchase insurance or maintain a self insurance program, 'relative to *its* and its employees.'

"The Court holds that the purchase of liability insurance does not affect wages or terms and conditions of employment and, therefore, the Appeal of the School Board is found well taken. The decision of The State Employment Relations Board is ORDERED set aside.

"Counsel for the School Board shall prepare and submit a Judgment Entry in accordance herewith."

Upon review of the trial court's decision in light of the above authority, this court cannot determine whether the trial court applied the proper standard of

review as set forth in R.C. 4117.13 and *Lorain, supra.* Accordingly, the Association and SERB's first assignments of error are found well taken.

Given our disposition as to appellants' first assignments of error, the remaining assignments of error of each appellant are rendered moot and, are, therefore, found not well taken.

On consideration whereof, this court finds substantial justice has not been done the parties complaining, and the judgment of the Huron County Court of Common Pleas is reversed. This cause is remanded to said court for further proceedings not inconsistent with this opinion. It is ordered that appellee pay the court costs of this appeal.

*Judgment reversed.*

HANDWORK, P.J., and CONNORS, J., concur.